**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>　　　　Plaintiff,　　　　　　)<br>　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>Serena Evaimalo,　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　Defendant/Movant.　　)<br>　　　　　　　　　　　　　　) | No. CR 15-856-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Run Portion of Sentence to Run Concurrent to Allow for Time Credits (Doc. 76) filed by Serena Evaimalo ("Evaimalo"). Evaimalo requests this Court to order 93 days for time she served in federal custody be concurrent with her state time in custody. Although the government has not filed a response, the Motion indicates the government's position is that Evaimalo may not receive double credit for her time in federal custody on the writ.

*Lack of Authority for the Court to Grant the Requested Relief*

In making her request, Evaimalo does not provide any authority under which the Court may grant her requested relief. The Federal Rules of Criminal Procedure provide:

> Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Fed.R.Crim.P. 35. Additionally,

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed.R.Crim.P. 36.

As more than 14 days have passed, the issue is whether this is a correction of an error in the record arising from oversight or omission. "A sentence that is so ambiguous that it fails to reveal its meaning with certainty is illegal," *United States v. Contreras–Subias*, 13 F.3d 1341, 1344 (9th Cir. 1994), *internal quotation marks omitted*, and a court may correct it under Fed.R.Crim.P. 35. *United States v. Garmany*, 498 F. Supp. 2d 1251, 1254 (D. Ariz. 2007).

Here, in sentencing Evaimalo, the Court stated Evaimailo would receive credit for all of the time she had served so far relating to this matter. The Court did not specify whether that credit would be received through the federal or state sentence. Further, the Court did not specify that anything other than normal procedures or standards would apply. That includes recognition that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently[,]" 18 U.S.C. § 3584, and that "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988), *per curiam*. Specifically,

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In other words, the Court's expectation in ordering Evaimalo receive credit was that she would receive credit through *either* the federal or state system, but not a double credit. Further, the Court did not order the sentences to run concurrently. To now order the sentences be partially served concurrently or to direct the Bureau of Prisons to provide additional credit to Evaimalo would not constitute a correction of the sentence, but a modification.

As stated by another district court:

- 2 -

> As to his request to run his federal sentence concurrent with the state sentence he was serving at the time of his sentence, Defendant likewise fails to present a request over which this Court has jurisdiction. In general, when made outside the 14-day timeframe for correction of sentence set forth in Rule 35(a), a request to run a federal sentence concurrent with a state sentence must be brought as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993) (explaining that a challenge to a sentence brought outside the timeframe set forth in Rule 35 may be construed as a § 2255 motion).

*United States v. Acevedo-Ramirez*, No. 1:12-CR-000227 LJO, 2016 WL 6582591, at *2 (E.D. Cal. Nov. 7, 2016); *see also Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted).

The Court does not have the authority to modify Evaimalo's sentence or direct the Bureau of Prisons to adjust her credit for time served based on Evaimalo's Motion.

*Credit for Incarceration*

Even if the Court had the authority to grant Evaimalo's Motion, such relief is not appropriate in this case. A federal sentence does not begin when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992); *Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991). Federal custody does not begin until the state authorities relinquish the prisoner on satisfaction of the state obligation. *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992); *Whalen*. The sovereign which first arrested an offender has primary jurisdiction over that offender, unless that sovereign relinquishes it to another sovereign (through, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence). *See e.g., United States v. Warren*, 610 F.2d 680 (9th Cir. 1980). Borrowing a prisoner from state custody from a primary custodian via a writ of habeas corpus ad prosequendum does not result in the original sovereign relinquishing its primary jurisdiction. Additionally, the United States Supreme Court has determined that the United States Attorney General continues to retain authority to award presentence jail credit. *Wilson*, 503 U.S. at 337.

     Here, Evaimalo has not alleged or shown that state authorities did not apply credit for the borrowed time to Evaimalo's state sentence. In fact, in summarizing the government's position that she not receive double credit, Evaimalo does not dispute the implication that she received credit for the time against her state sentence. In other words, it appears Evaimalo received credit for the borrowed time from state authorities against her state sentence. The Court, in its discretion, declined to order the sentences run concurrently at the time of sentencing and sees no basis to alter that decision now.

     Accordingly, IT IS ORDERED the Motion to Run Portion of Sentence to Run Concurrent to Allow for Time Credits (Doc. 76) is DENIED.

     DATED this 25th day of September, 2020.

_____
Cindy K. Jorgenson
United States District Judge